**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DAVID JOHN SCHEIDER and
CHRIS SCHEIDER,

        Plaintiffs,

v.                                Case No. 3:15-cv-364-J-34JRK

BILL LEEPER, Sheriff of Nassau
County, Florida; and ANGELA COREY,
State Attorney, Fourth Judicial Circuit of Florida,

        Defendants.

## ORDER

**THIS CAUSE** is before the Court on Defendant, Angela Corey's Motion to Strike Plaintiffs' Objection to Defendant, Corey's Motion to Dismiss Plaintiffs' Complaint and Memorandum of Law (Doc. 13; Motion), filed on May 21, 2015.  Upon review, the Court notes that Defendant failed to provide certification under Local Rule 3.01(g), United States District Court, Middle District of Florida (Local Rule(s)), confirming that she has conferred with counsel for Plaintiffs in a good faith effort to resolve the issue raised by the Motion and advising the Court whether counsel for Plaintiffs agrees to the relief requested.  As Defendant failed to comply with the Local Rules of this Court, the Motion is due to be stricken.  However, the Court also finds that the Motion is plainly lacking in merit and thus, rather than striking the Motion, the Court will deny it at this time.

In the Motion, Defendant requests that the Court strike certain "additional factual allegations" contained in Plaintiffs' Objection to Defendant, Corey's Motion to Dismiss

Plaintiffs' Complaint and Memorandum of Law (Doc. 10). See Motion at 4-5. Defendant contends that the Court should not consider those allegations in ruling on Defendant, Angela Corey's Motion to Dismiss Plaintiffs' Complaint (Doc. 9). See id. As support for this request, Defendant cites Rule 12(f), Federal Rules of Civil Procedure (Rule(s)). See Motion at 4. Rule 12(f)(2), Federal Rules of Civil Procedure (Rule(s)), provides that, upon motion by a party, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, only material found in a "pleading" may be stricken pursuant to Rule 12(f). See Jeter v. Montgomery County, 480 F. Supp. 2d 1293, 1296 (M.D. Ala. 2007); Lowery v. Hoffman, 188 F.R.D. 651, 653 (M.D. Ala. 1999); Newsome v. Webster, 843 F. Supp. 1460, 1464-65 (S.D. Ga. 1994). Rule 7(a) defines which documents constitute pleadings.[1] See Scarborough v. Principi, 541 U.S. 401, 417 (2004) (noting that Rule 7(a) "enumerat[es] permitted 'pleadings'"). Motions are not considered pleadings. See Rule 7(a). This Motion is directed at Plaintiffs' Response—a filing that does not constitute a pleading. See Motion at 1; Rule 7(a). Thus, the remedy provided in Rule 12(f) is not available. In light of the foregoing, it is

**ORDERED**:

---

[1] Specifically, Rule 7(a) provides that "[o]nly these pleadings are allowed":
(1) a complaint;
(2) an answer to a complaint;
(3) an answer to a counterclaim designated as a counterclaim;
(4) an answer to a crossclaim;
(5) a third-party complaint;
(6) an answer to a third-party complaint; and
(7) if the court orders one, a reply to an answer.

Defendant, Angela Corey's Motion to Strike Plaintiffs' Objection to Defendant, Corey's Motion to Dismiss Plaintiffs' Complaint and Memorandum of Law (Doc. 13) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 26th day of May, 2015.

*(signature)*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of record