**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**


DAVID JOHN SCHEIDER and
CHRIS SCHEIDER, his wife,

       Plaintiffs,

                                  Case No. 3:15-cv-364-J-34JRK

vs.

BILL LEEPER, Sheriff of Nassau
County, Florida; and ANGELA COREY,
State Attorney, Fourth Judicial Circuit of
Florida,

       Defendants.
_____/

# O R D E R

      **THIS CAUSE** is before the Court on Defendant, Angela Corey's Motion to Dismiss

Plaintiffs' Complaint (Doc. 9; Motion), filed on April 23, 2015.  Plaintiffs David John Scheider

and Chris Scheider[1] filed a response in opposition to the Motion on April 30, 2015.  See

Plaintiffs' Objection to Defendant, Corey's Motion to Dismiss Plaintiffs' Complaint and

Memorandum of Law (Doc. 10; Response).  With leave of Court, see Order (Doc. 19),

Defendant Angela Corey filed a reply to Plaintiffs' Response on July 2, 2015.  See

Defendant, Angela Corey's Reply to Plaintiffs' Objection Filed in Response to Defendant

Corey's Motion to Dismiss (Doc. 21; Reply).  Accordingly, the Motion is ripe for review.

---

[1] Chris Scheider's sole claim is for loss of consortium.  See Complaint for Damages (Doc. 1; Complaint) at 6.  Because her claim is derivative of David John Scheider's claims, the Court will use "Scheider" to refer to David John Scheider.  When referring to his wife, the Court will use her full name, Chris Scheider.

## I.      Background[2]

On or about November 6, 2013, members or agents of the Nassau County Sheriff's Office (NCSO) videotaped a confidential informant's illegal purchase of a controlled substance from a then-unknown seller.  See Complaint for Damages (Doc. 1; Complaint) ¶ 23, filed March 24, 2015.  This sale of a controlled substance violated section 893.13(1)(a) of the Florida Statutes.  Id.  On or about that same day, the "confidential informant and/or members of the NCSO" identified the seller as Scheider.  Id. ¶ 24.[3] However, Scheider was not, in fact, the seller depicted in the video.  Id.  Over seven months later, on June 26 or 27, 2014, NCSO officers arrested Scheider for violating section 893.13(1)(a) of the Florida Statutes.  Id. ¶¶ 4, 25.  NCSO conducted this arrest without a warrant.  Id. ¶¶ 29, 30.  By virtue of the arrest, Scheider was "subjected to a loss of his liberties," forced to post bail and retain counsel, "subjected to public ridicule," and involuntarily committed to a mental health facility "under the Baker Act laws of the State of Florida." Id. ¶ 26.  On September 9, 2014, the State Attorney's Office filed a nolle prosequi, dismissing the criminal charge against Scheider.  Id. ¶ 27.  Scheider maintains that he did not commit the crime with which he was charged, and alleges that "the NCSO did not have probable cause or even arguable probable cause to arrest him."  Id. ¶¶ 24, 28.

On March 24, 2015, Plaintiffs initiated this lawsuit by filing a three-count Complaint against Defendant Angela Corey, in her official capacity as the State Attorney for the Fourth

---

[2] In considering the Motion to Dismiss, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to the plaintiffs, and accept all reasonable inferences that can be drawn from such allegations.  Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  As such, the facts recited here are drawn from the Complaint, and may well differ from those that ultimately can be proved.

[3] The Complaint does not indicate whether the informant identified Scheider to the NCSO or whether the NCSO determined that the seller was Scheider based on other information.  See Complaint ¶ 24.

Judicial Circuit of Florida (the State Attorney), and Defendant Bill Leeper, in his official capacity as the Sheriff of Nassau County, Florida (the Sheriff).  See generally id.  As relevant to the instant Motion, in Count II of the Complaint, Scheider asserts a claim pursuant to 42 U.S.C. § 1983 against the State Attorney.  Id. at 3-5.[4]  In Count III, Chris Scheider, Scheider's wife, alleges a loss of consortium claim against both Defendants.  Id. at 6.  Plaintiffs seek compensatory damages and attorney's fees and costs.  Id. ¶ 6.

## II.    Standard of Review

In ruling on a motion to dismiss, brought pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002).  In addition, all reasonable inferences should be drawn in favor of the plaintiff.  See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam).  Nonetheless, the plaintiff must still meet some minimal pleading requirements.  Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted).  Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the

---

[4] Although Count II is titled "Count II: 42 U.S.C. sections 1983 and 1988 (David John Scheider vs. Corey)," the Count begins with allegations that Scheider brings a § 1983 claim "against Sheriff Leeper" and that "Sheriff Leeper deprived [Scheider] of his Fourth Amendment right to be free from unreasonable searches and seizures."  See Complaint ¶¶ 21-22.  It appears that these references to Sheriff Leeper in Count II of the Complaint are typographical errors.  Compare id. ¶¶ 9-10 with ¶¶ 21-22.

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680-81. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).[5]

## III.  Analysis

### A.  Scheider's § 1983 Claim Against Corey in her Official Capacity

In the Motion, the State Attorney argues that Scheider fails to state a claim under § 1983 because Count II contains "absolutely no factual allegations against Corey," except

---

[5] Prior to Iqbal, Eleventh Circuit precedent instructed that a heightened pleading standard applied in § 1983 actions where "the defendants are individuals who may seek qualified immunity." See Amnesty Int'l, USA v. Battle, 559 F.3d 1170, 1179 (11th Cir. 2009). However, in Randall v. Scott, 610 F.3d 701 (11th Cir. 2010), the Eleventh Circuit determined that "[a]fter Iqbal it is clear that there is no 'heightened pleading standard' as it relates to cases governed by Rule 8(a)(2), including civil rights complaints." See Randall, 610 F.3d at 707–10. In light of this Eleventh Circuit precedent and because Corey does not assert that the heightened pleading standard applies, the Court will apply the standard of review set forth in Twombly and Iqbal. Id. at 710; see also Nettles v. City of Leesburg Police Dep't, 415 F. App'x 116, 120–21 (11th Cir. 2010); but see Harper v. Lawrence Cnty., Ala., 592 F.3d 1227, 1233 (11th Cir. 2010) (applying the heightened pleading standard post-Iqbal); Keating v. City of Miami, 598 F.3d 753, 762–63 (11th Cir. 2010) (same).

that her office ultimately dropped the charges against Scheider. <u>See</u> Motion at 5. However, regardless of the sufficiency of the allegations, Scheider's claim against the State Attorney is not viable under § 1983. Significantly, Plaintiffs bring the instant action for monetary damages against Angela Corey "<u>in her official capacity</u> as the State Attorney for the Fourth Judicial Circuit of Florida." <u>See</u> Complaint at 1, 3 (emphasis added). A lawsuit against a "government officer in [her] official capacity is the same as a suit against the entity of which the officer is an agent." <u>Farrell v. Woodham</u>, No. 2:01-CV-417-FTM29DNF, 2002 WL 32107645, at *2 (M.D. Fla. May 29, 2002); <u>see also</u> <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself."). "In Florida, the State Attorney and the State Attorney's Office are considered an 'arm of the state' . . . ." <u>See</u> <u>Stevens v. Fort Myers Police Dep't</u>, No. 2:12-CV-187-FtM-99AEP, 2012 WL 4478978, at *4 (M.D. Fla. Sept. 4, 2012); <u>Rich v. City of Jacksonville</u>, No. 3:09-cv-454-J-34MCR, 2010 WL 4403095, at *3-4 (M.D. Fla. Mar. 31, 2010); <u>Perez v. State Attorney's Office</u>, No. 6:08-cv-1199-Orl-31KRS, 2008 WL 4539430, at *2 (M.D. Fla. Oct. 8, 2008); <u>Allen v. Moreland</u>, No. 804-cv-2530-T17EAJ, 2005 WL 1572734, at *2 (M.D. Fla. June 30, 2005); <u>Farrell</u>, 2002 WL 32107645, at *3. Thus, Scheider's § 1983 claim against the State Attorney is treated as a claim against the State of Florida.

Section 1983 allows claims against any "person," acting under color of law, who deprives another of his or her constitutional or statutory rights. 42 U.S.C. § 1983. In <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58 (1989), the Supreme Court addressed the question of whether a State can be considered a "person" for purposes of § 1983 liability,

and ultimately decided that "a State is not a person within the meaning of § 1983." Id. at 64. The Court further determined that "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," as well as state officials sued in their official capacity are also not considered "persons" within the meaning of § 1983. Id. at 70-71. Because the State Attorney is considered an "arm of the state," and therefore, not a "person" under the statute, she cannot be held liable for damages under § 1983.[6] Accordingly, Scheider fails to state a claim under § 1983 against Corey in her official capacity as State Attorney, and as such, Count II is due to be dismissed.[7]

### B. Chris Scheider's Consortium Claim Against the State Attorney

The spouse with a cause of action for loss of consortium has a claim that is derivative of the injured spouse's claim. Faulkner v. Allstate Ins. Co., 367 So.2d 214, 217 (Fla. 1979); Gates v. Foley, 247 So.2d 40, 45 (Fla. 1971); accord Stone v. United States, 373 F.3d 1129, 1132 (11th Cir. 2004). Accordingly, Chris Scheider's loss of consortium claim cannot survive against the State Attorney in light of the dismissal of Scheider's cause of action against this Defendant. Therefore, Chris Scheider's claim against the State Attorney is due to be dismissed as well. See Mandel v. McNesby, No. 3:08-cv-49-RV/MD, 2008 WL 5427738, at *5 (N.D. Fla. Dec. 29, 2008).

---

[6] The Court notes that the State Attorney may also be immune from Plaintiffs' claims for damages pursuant to the Eleventh Amendment. See Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Com'n, 226 F.3d 1226, 1231 (11th Cir. 2000); Farrell, 2002 WL 32107645, at *2. However, because the State Attorney did not raise this argument, and such immunity may be waived, the Court does not decide the case on that basis. See McClendon v. Ga. Dep't of Cmty. Health, 261 F.3d 1252, 1257 (11th Cir. 2001) ("[U]nlike other jurisdictional bars, federal courts are required to consider whether the Eleventh Amendment strips them of jurisdiction only if the state defendant insists that it does.").

[7] Notably, the State Attorney also moves for dismissal on the basis of prosecutorial immunity. However, in an official-capacity suit such as this, "[t]he only immunities that can be claimed . . . are forms of sovereign immunity that the entity, qua entity, may possess, such as the Eleventh Amendment." See Kentucky v. Graham, 473 U.S. 159, 167 (1985).

### C.     Leave to Amend

Last, the Court notes that, although Plaintiffs did not request leave to amend the Complaint, Plaintiffs raise a number of factual allegations in their Response that were not included in their pleadings.  <u>See</u> Response at 1-2.  However, a party cannot "use his briefing to add new allegations and argue that those new assertions support his cause of action."  <u>See</u> <u>Michel v. NYP Holdings, Inc.</u>, ___ F.3d ___, No. 15-11453, 2016 WL 860647, at *15 (11th Cir. Mar. 7, 2016).  Nonetheless, in light of these new allegations, and having found that Scheider's claims against the State Attorney are due to be dismissed, the Court <u>sua</u> <u>sponte</u> considers whether to grant Plaintiffs leave to amend the Complaint.  Pursuant to Rule 15(a)(2), the Court "should freely give leave [to amend a pleading] when justice so requires."  Such leave, however, is not an automatic right.  <u>See</u> <u>Reese v. Herbert</u>, 527 F.3d 1253, 1263 (11th Cir. 2008).  Rather, the "decision whether to grant leave to amend is within the sound discretion of the trial court."  <u>Jameson v. Arrow Co.</u>, 75 F.3d 1528, 1534 (11th Cir. 1996).  Moreover, in the Eleventh Circuit, "[a] district court is not required to grant a plaintiff leave to amend his complaint <u>sua</u> <u>sponte</u> when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."  <u>Wagner v. Daewoo Heavy Indus. Am. Corp.</u>, 314 F.3d 541, 542 (11th Cir. 2002) (en banc).

As Plaintiffs are represented by counsel and have chosen throughout this litigation to stand on the Complaint, the Court is not inclined to grant that which they have not requested.  Regardless, any attempt to amend the Complaint would be futile.  Upon review of the Complaint and Response, Scheider's claims against the State Attorney are premised entirely on the decision of that office to charge Scheider with a crime.  <u>See</u> Complaint at 4-

6; Response at 2.  Although unclear, Scheider's theory of relief appears to be that the State Attorney violated his constitutional rights either because she charged him without probable cause, or because she failed to conduct a reasonable investigation, which would have revealed a lack of probable cause, prior to filing charges.  See Response at 2-3.  However, for the reasons stated above, Scheider cannot state a claim under § 1983 against the State Attorney in her official capacity.  Moreover, even if Scheider amended the Complaint to name Angela Corey in her individual capacity, any claims premised on the foregoing theory of relief would be plainly barred by prosecutorial immunity.  See Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1281 (11th Cir. 2002) ("It was only while he was in the prosecutor's role that [the defendant] allegedly did anything that violated [the plaintiff]'s clearly established rights, such as: charging [the plaintiff] without probable cause . . . ."); Henzel v. Gerstein, 608 F.2d 654, 657 (5th Cir. 1979) (holding that a prosecutor was absolutely immune from a plaintiff's claim that the prosecutor violated § 1983 by "filing an information without investigation").[8]  Accordingly, the Court will not sua sponte permit Plaintiffs to amend the Complaint.

## IV.    Conclusion

In sum, the Complaint fails to state a claim against the State Attorney for violating Scheider's constitutional rights because the State Attorney, in her official capacity, is not a "person" within the meaning of § 1983.  Because Scheider's claim against the State

---

[8] Plaintiffs' reliance on Buckley v. Fitzsimmons, 509 U.S. 259 (1993) for the proposition that Corey is not entitled to prosecutorial immunity is unavailing.  See Response at 2.  Buckley holds that a prosecutor is not entitled to absolute immunity for actions taken in a purely investigatory role.  See Buckley, 509 U.S. at 272-76.  However, neither the Complaint nor the Response include any facts indicating that Corey was involved in the investigation of Scheider in any way.  See generally Complaint; Response.  Scheider's damages claim against Corey stems solely from her decision to charge him with a crime, and for such action, even absent probable cause, Corey is absolutely immune.  See Rowe, 269 F.3d at 1281; see also Buckley, 509 U.S. at 273 (noting that a prosecutor's "professional evaluation of the evidence assembled by the police" is one of the acts for which a prosecutor is absolutely immune).

Attorney is due to be dismissed, Chris Scheider's derivative consortium claim against the State Attorney fails as well.  Moreover, leave to amend is not warranted because Plaintiffs, although represented by counsel, have failed to request such relief, and regardless, any amendment would be futile.  In light of the foregoing, the Court will grant the Motion and dismiss Plaintiffs' claims against Defendant Angela Corey, in her official capacity as the State Attorney of the Fourth Judicial Circuit of Florida.  Accordingly, it is

**ORDERED**:

1. Defendant, Angela Corey's Motion to Dismiss Plaintiffs' Complaint (Doc. 9) is **GRANTED**.

2. Count II of the Complaint is **DISMISSED**.

3. Count III of the Complaint is **DISMISSED** as to Defendant Angela Corey, in her official capacity.

4. The Clerk of the Court is directed to terminate Defendant Angela Corey, State Attorney, Fourth Judicial Circuit of Florida from the Court docket.  This case will proceed solely on the claims against Bill Leeper, in his official capacity as Sheriff of Nassau County, Florida.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of March, 2016.

MARCIA MORALES HOWARD
United States District Judge

lc20
Copies to:

Counsel of Record